# State of Louisiana
## Secretary of State

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

09/04/2023

INDIAN HARBOR INSURANCE COMPANY
ATTN: SARAH B. MIMS, ASST. SECRETARY
505 EAGLEVIEW BLVD., STE. 100
EXTON, PA  19341

RECEIVED
SEP 1 1 2023
Kim Rigoroso

Suit No.: 80558
40TH JUDICIAL DISTRICT COURT
SAINT JOHN THE BAPTIST PARISH

ST. JOHN THE BAPTIST PARISH, ET AL
vs
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN
Served by:  B GARAFOLA

Date: 09/01/2023
Title:  DEPUTY SHERIFF

No: 1298746



KC



D55815260

# CITATION

| | |
|---|---|
| ST. JOHN THE BAPTIST PARISH | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST. JOHN THE BAPTIST |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | STATE OF LOUISIANA |
| DOCKET NUMBER: C-80558 | DIVISION A |

**To:** **INDIAN HARBOR INSURANCE COMPANY**
*THROUGH ITS AGENT FOR SERVICE OF PROCESS:*
**LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA  70809**

SERVED ON
R. KYLE ARDOIN

SEP 0 1 2023

SECRETARY OF STATE
COMMERCIAL DIVISION

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within **twenty-one (21) days** after the service hereof, under penalty of default.

This service was ordered by **J. REED POOLE, JR., ESQ.** and was issued by the Clerk of Court on **AUGUST 26, 2023.**

\* Also attached are the following documents:
**PETITION FOR DAMAGES, CASE MANAGEMENT ORDER AND
   DISCLOSURE ORDER**

*KIM VAN KREGTEN*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE  $_____          BY: _____
MILEAGE $_____                    DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN          COPY – SERVICE          COPY - CLERK

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

DIVISION " 

NO:  80558

HURRICANE CASE

ST. JOHN THE BAPTIST PARISH and ST. JOHN THE BAPTIST PARISH COUNCIL

VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; INDIAN HARBOR
INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST
INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF
ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; HDI GLOBAL SPECIALTY SE; OLD REPUBLIC UNION
INSURANCE COMPANY; GEOVERA SPECIALTY INSURANCE COMPANY; and
TRANSVERSE SPECIALTY INSURANCE COMPANY

FILED:_____          _____
                                                    DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, the St. John the
Baptist Parish Council, and St. John the Baptist Parish, a political subdivision of the State of
Louisiana, both of which file the instant Petition for Damages against the Defendants listed in the
caption and herein. The facts more specifically set forth below are based upon personal knowledge
and upon information and belief.

### PARTIES, JURISDICTION, AND VENUE FACTS

1.      Made Plaintiff herein is St. John the Baptist Parish (hereinafter referred to, collectively
with St. John the Baptist Parish Council as "Plaintiff" and/or "St. John the Baptist"), at all times
material times herein: a political subdivision of the State of Louisiana, domiciled in St. John the
Baptist Parish, State of Louisiana. St. John the Baptist Parish is the co-owner of all buildings,
properties, and contents at issue herein, and Plaintiff was at all material times a co-insured under
the applicable policy of insurance with defendants listed herein, and this insurance policy was, at
all material times, in full force and effect relative to all of the buildings, properties, and contents
that are subject to the dispute at issue herein.

2.      Made Plaintiff herein is St. John the Baptist Parish Council (hereinafter referred to,
collectively with St. John the Baptist Parish as "Plaintiff" and/or "St. John the Baptist"), which at
all material times herein is a qualified entity with the authority to proceed in this action for the
Parish of St. John the Baptist. Plaintiff was at all material times the named insured under the

Eliana DeFrancesch - Clerk of Court
Filed: Aug 25, 2023 11:10 AM

139118392

applicable policy of insurance with defendants listed herein, and this insurance policy was, at all material times, in full force and effect relative to all of the buildings, properties, and contents that are subject to the dispute at issue herein.

3.      Made Defendant herein is CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, at all times material herein: a foreign insurer domiciled outside Louisiana, but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff.  This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896).  This defendant may be served through its designated Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

4.      Made Defendant herein is INDIAN HARBOR INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff.  This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896).  This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

5.      Made Defendant herein is QBE SPECIALTY INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff.  This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896).  Pursuant to the terms of the insurance policy, this defendant may be served through its designated Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

6.      Made Defendant herein is STEADFAST INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and

provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

7.    Made Defendant herein is GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

8.    Made Defendant herein is UNITED SPECIALTY INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

9.    Made Defendant herein is LEXINGTON INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

10.     Made Defendant herein is HDI GLOBAL SPECIALTY, SE, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

11.     Made Defendant herein is OLD REPUBLIC UNION INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

12.     Made Defendant herein is GEOVERA SPECIALTY INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

13.     Made Defendant herein is TRANSVERSE SPECIALTY INSURANCE COMPANY, at all times material herein: a foreign insurer domiciled outside Louisiana but authorized to do and doing business in the State of Louisiana as well as in this Parish, which received full payment for and provided a policy of insurance at issue herein in favor of Plaintiff. This defendant, along with the other defendants listed herein, insured all of Plaintiff's buildings, properties, and contents at issue herein under a multi-part and/or collective insurance policy (AmRisc Commercial Property

Policy #: 822896). This defendant may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

14.     Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, GEOVERA SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, INDIAN HARBOR INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, TRANSVERSE SPECIALTY INSURANCE COMPANY, and UNITED SPECIALTY INSURANCE COMPANY, are collectively referred to herein as "Defendants" or "defendants".

15.     Venue is proper in this Honorable Court because a substantial part of the events and/or omissions giving rise to the claims occurred in St. John the Baptist Parish; Plaintiffs are domiciled in St. John the Baptist Parish; all of the Property that is subject to the insurance claim dispute is located in St. John the Baptist Parish; and/or the Loss and/or Property Damage at issue occurred in St. John the Baptist Parish.

16.     Jurisdiction is proper in this Honorable Court because this suit involves a bad faith breach of contract which was executed in St. John the Baptist Parish, and which contract/insurance policy/contract covered Plaintiff's buildings, properties, and contents at issue, which at all material times were located in St. John the Baptist Parish.

**BACKGROUND FACTS**

17.     At all times relevant herein, the Parish of St. John the Baptist owned the following buildings and properties (hereinafter collectively "Property" and/or "Properties") and their contents therein located at the following addresses in St. John the Baptist Parish, Louisiana:

| Bldg No. | Property Type | Location Name | Address Number | Street Address | City | State Code | Zip |
|---|---|---|---|---|---|---|---|
| 1 | Building | Administration Building | 1801 | W. Airline Hwy | LaPlace | LA | 70068 |
| 2 | Building | Parish Warehouse | 186 | Parish Road | LaPlace | LA | 70068 |
| 3 | Building | Parish Office/Warehouse | 178 | Parish Road | LaPlace | LA | 70068 |
| 4 | Other Structures | Elevated Water Tank | 170 | Parish Road | LaPlace | LA | 70068 |
| 5 | Building | Motor Pool | 194 | Parish Road | LaPlace | LA | 70068 |
| 6 | Building | Utilities Building, Sheriff Sub-Station | 492 | Historic Main St. | Garyville | LA | 70051 |
| 7 | Building | Health & Human Services Office | 128 | Central Avenue | Reserve | LA | 70084 |
| 8 | Building | Maintenance Office | 434 | Elm Street | LaPlace | LA | 70068 |
| 9 | Building | St. John Community Theater | 115 | W 4th St. | Reserve | LA | 70084 |

| 10 | Building | Administration Building | 2979 | LA 18 | Edgard | LA | 70049 |
|---|---|---|---|---|---|---|---|
| 11 | Building | St. John Council on Aging | 155 | E 3rd St | Edgard | LA | 70049 |
| 12 | Building | Parish Health Unit | 159 | E 3rd St | Edgard | LA | 70049 |
| 13 | Building | Courthouse | 2393 | LA 18 | Edgard | LA | 70049 |
| 14 | Building | Public Works | 149 | E. 3rd St | Edgard | LA | 70049 |
| 15-1 | Building | Lyons Water Treatment Plant | 2044 | Hwy 44 | Reserve | LA | 70084 |
| 15-2 | Building | Lyons Water Treatment Plant | 2062 | Hwy 44 | Reserve | LA | 70084 |
| 15-3 | Building | Lyons Water Treatment Plant | 2064 | Hwy 44 | Reserve | LA | 70084 |
| 15-4 | Building | Lyons Water Treatment Plant | 2060 | Hwy 44 | Reserve | LA | 70084 |
| 15-5 | Eqpt | Lyons Water Treatment Plant | 2058 | Hwy 44 | Reserve | LA | 70084 |
| 15-6 | Eqpt | Lyons Water Treatment Plant | 2066 | Hwy 44 | Reserve | LA | 70084 |
| 15-7 | Eqpt | Lyons Water Treatment Plant | 2068 | Hwy 44 | Reserve | LA | 70084 |
| 15-8 | Eqpt | Lyons Water Treatment Plant | 2056 | Hwy 44 | Reserve | LA | 70084 |
| 15-9 | Eqpt | Lyons Water Treatment Plant | 2054 | Hwy 44 | Reserve | LA | 70084 |
| 15-10 | Eqpt | Lyons Water Treatment Plant | 2048 | Hwy 44 | Reserve | LA | 70084 |
| 15-11 | Eqpt | Lyons Water Treatment Plant | 2052 | Hwy 44 | Reserve | LA | 70084 |
| 15-12 | Eqpt | Lyons Water Treatment Plant | 2050 | Hwy 44 | Reserve | LA | 70084 |
| 15-13 | Eqpt | Lyons Water Treatment Plant | 2063 | Hwy 44 | Reserve | LA | 70084 |
| 15-14 | Eqpt | Lyons Water Treatment Plant | 2067 | Hwy 44 | Reserve | LA | 70084 |
| 15-15 | Eqpt | Lyons Water Treatment Plant | 2062 | Hwy 44 | Reserve | LA | 70084 |
| 15-16 | Outdoor Prop | Lyons Water Treatment Plant | N/A | Hwy 44 | Reserve | LA | 70084 |
| 15-17 | Outdoor Prop | Lyons Water Treatment Plant | N/A | Hwy 44 | Reserve | LA | 70084 |
| 17 | Building | Water Treatment Plant | 2899 | Hwy 18 | Edgard | LA | 70049 |
| 18 | Building | Wastewater Plant | 144 | Water Plant Road | LaPlace | LA | 70068 |
| 20 | Other Structures | Water Intake Pump | 2062 | Hwy 44 | Reserve | LA | 70068 |
| 21-1 | Building | Woodland Drive Waler Treatment Plant | 214 B | Woodland Drive | LaPlace | LA | 70068 |
| 21-2 | Building | Woodland Drive Water Treatment Plant | 214 | Woodland Drive | LaPlace | LA | 70068 |
| 21-3 | Building | Woodland Drive Water Treatment Plant | 216 | Woodland Drive | LaPlace | LA | 70068 |
| 21-4 | Building | Woodland Drive Water Treatment Plant | 216 A | Woodland Drive | LaPlace | LA | 70068 |
| 21-5 | Building | Woodland Drive Water Treatment Plant | 214 B | Woodland Drive | LaPlace | LA | 70068 |
| 21-6 | Building | Woodland Drive Water Treatment Piarti | 214 C | Woodland Drive | LaPlace | LA | 70068 |
| 21-7 | Building | Woodland Drive Water Treatment Plant | 214 A | Woodland Drive | LaPlace | LA | 70068 |
| 22 | Other Structures | Ruddock Booster Station | 5039 | Old Hwy 51 | LaPlace | LA | 70068 |
| 23 | Other Structures | Ruddock Pumping Station, Well #1 | 6027 | Old Hwy 51 | LaPlace | LA | 70068 |
| 24 | Other Structures | Ruddock Wall #2 | 6243 | Old Hwy 51 | LaPlace | LA | 70068 |
| 25 | Building | Juvenile Probation Office | 1212 | Hwy 44 | Reserve | LA | 70084 |
| 26 | Building | Elevated Water Tank | 1212 | Hwy 44 | Reserve | LA | 70084 |
| 27 | Building | Agriculture Office | 151 | E 3rd St | Edgard | LA | 70049 |
| 28 | Building | Wastewater Plant | 132 | Cox Ct | Edgard | LA | 70049 |
| 29 | Building | Wastewater Plant | 1076 | Hwy 44 | Garyville | LA | 70051 |
| 30 | Other Structures | Water Boost Station | 3134 | W. Airline Hwy | Reserve | LA | 70084 |

| 31 | Other Structures | Wastewater Plant | 900 | Woodland Drive | LaPlace | LA | 70068 |
|---|---|---|---|---|---|---|---|
| 32 | Building | Library | 170 | W. 10th St. | Reserve | IA | 70068 |
| 33 | Other Structures | Wastewater Plant | 1076 | Hwy 44 | Garyville | LA | 70051 |
| 34 | Other Structures | Wastewater Plant | N/A | Belle Point Rd | Reserve | LA | 70084 |
| 35 | Building | Songy Service Center | 102 | E. Airline | LaPlace | LA | 70068 |
| 36 | Building | Recreation Storage/ Pool House | 174 | Regala Park Rd | Reserve | LA | 70084 |
| 37 | Building | Old Concession / Admin. Office | 194 | Regala Park Rd | Reserve | LA | 70084 |
| 38 | Building | Raquet Ball Courts | 194 A | Regala Park Rd | Reserve | LA | 70084 |
| 39 | Building | Civic Bathroom | 194 B | Regala Park Rd | Reserve | LA | 70084 |
| 40 | Building | St. John Health Unit | 473 | Central Ave | Reserve | LA | 70084 |
| 41 | Building | Teche Action Clinic | 471 | Central Ave | Reserve | LA | 70084 |
| 42 | Building | St. John ARC | 101 | Bamboo Avenue | LaPlace | LA | 70068 |
| 43 | Building | Wastewater Treatment Plant Office Trailer (formerly Public Works Office Trailer) | 144 | Water Plant Road | LaPlace | LA | 70068 |
| 44 | Building | Homer Boogie Joseph Community Center | 366 | NW 2nd Street | Reserve | LA | 70084 |
| 45 | Other Structures | Wastewater Plant | 472 | W 1st Street | Edgard | LA | 70049 |
| 46 | Other Structures | Wastewater Plant | 5465 | Hwy 18 | Wallace | LA | 70049 |
| 47 | Building | Parish Council Office | 1805 | W Airline | LaPlace | LA | 70068 |
| 48 | Building | Driver's License Office | 4034 | W Airline | Reserve | LA | 70068 |
| 49 | Building | Arcuri Center | 1020 | Cambridge | LaPlace | LA | 70068 |
| 50 | Building | Library | 2979 | Hwy 18 | Edgard | LA | 70049 |
| 52 | Building | Library | 2920 | Hwy 51 | LaPlace | LA | 70068 |
| 53 | Building | West Bank Community Center | 173 | E Third | Edgard | LA | 70049 |
| 54 | Building | Pool House | 137 | Castle Drive | Edgard | LA | 70049 |
| 55 | Other Structures | Water Intake Pump | 2899 | Hwy 18 | Edgard | LA | 70049 |
| 56 | Other Structures | Elevated Water Tank | 1601 | La Purchase | Wallace | LA | 70049 |
| 57 | Other Structures | Elevated Water Tank | 1197 | Hwy 18 | Wallace | LA | 70049 |
| 58 | Other Structures | Elevated Water Tank | 392 | Rosenwald Street | Reserve | IA | 70084 |
| 59 | Other Structures | Elevated Water Tank | 3254 | Jefferson Highway | Reserve | LA | 70084 |
| 60 | Other Structures | Elevated Water Tank | 512 | E Airline Hwy | LaPlace | LA | 70068 |
| 61 | Other Structures | Elevated Water Tank | 3164 | Hwy 44 | Garyville | LA | 70051 |
| 62 | Other Structures | Elevated Water Tank | 2100 R | La Purchase | Wallace | LA | 70049 |
| 63 | Other Structures | Elevated Water Tank | 5243 | Hwy 18 | Wallace | LA | 70049 |
| 64 | Building | Animal Shelter | 488 | W. 2nd Street | LaPlace | LA | 70068 |
| 65 | Other Structures | Elevated Water Tank | 857 | Belle Terre Blvd. | LaPlace | LA | 70068 |
| 66 | Building | Civic/Community Center | 2900 | Hwy 51 | LaPlace | LA | 70068 |
| 67 | Building | Lapeyrolerie-Montz- Senior Center | 214 | Regala Park Rd. | Reserve | LA | 70084 |
| 68 | Other Structures | Pumping Station | 484 | Airport Road | Reserve | LA | 70084 |
| 69 | Building | Library | 493 | Historic Main | Garyville | LA | 70051 |
| 70 | Building | 12x50 Stationary Office Trailer | 102 | E Airline Hwy. | LaPlace | LA | 70068 |
| 71 | Building | Regala Gymnasium | 194 | Regala Park Rd. | Reserve | LA | 70084 |

| 31 | Other Structures | Wastewater Plant | 900 | Woodland Drive | LaPlace | LA | 70068 |
|---|---|---|---|---|---|---|---|
| 32 | Building | Library | 170 | W. 10th St. | Reserve | IA | 70068 |
| 33 | Other Structures | Wastewater Plant | 1076 | Hwy 44 | Garyville | LA | 70051 |
| 34 | Other Structures | Wastewater Plant | N/A | Belle Point Rd | Reserve | LA | 70084 |
| 35 | Building | Songy Service Center | 102 | E. Airline | LaPlace | LA | 70068 |
| 36 | Building | Recreation Storage/ Pool House | 174 | Regala Park Rd | Reserve | LA | 70084 |
| 37 | Building | Old Concession / Admin. Office | 194 | Regala Park Rd | Reserve | LA | 70084 |
| 38 | Building | Raquet Ball Courts | 194 A | Regala Park Rd | Reserve | LA | 70084 |
| 39 | Building | Civic Bathroom | 194 B | Regala Park Rd | Reserve | LA | 70084 |
| 40 | Building | St. John Health Unit | 473 | Central Ave | Reserve | LA | 70084 |
| 41 | Building | Teche Action Clinic | 471 | Central Ave | Reserve | LA | 70084 |
| 42 | Building | St. John ARC | 101 | Bamboo Avenue | LaPlace | LA | 70068 |
| 43 | Building | Wastewater Treatment Plant Office Trailer (formerly Public Works Office Trailer) | 144 | Water Plant Road | LaPlace | LA | 70068 |
| 44 | Building | Homer Boogie Joseph Community Center | 366 | NW 2nd Street | Reserve | LA | 70084 |
| 45 | Other Structures | Wastewater Plant | 472 | W 1st Street | Edgard | LA | 70049 |
| 46 | Other Structures | Wastewater Plant | 5465 | Hwy 18 | Wallace | LA | 70049 |
| 47 | Building | Parish Council Office | 1805 | W Airline | LaPlace | LA | 70068 |
| 48 | Building | Driver's License Office | 4034 | W Airline | Reserve | LA | 70068 |
| 49 | Building | Arcuri Center | 1020 | Cambridge | LaPlace | LA | 70068 |
| 50 | Building | Library | 2979 | Hwy 18 | Edgard | LA | 70049 |
| 52 | Building | Library | 2920 | Hwy 51 | LaPlace | LA | 70068 |
| 53 | Building | West Bank Community Center | 173 | E Third | Edgard | LA | 70049 |
| 54 | Building | Pool House | 137 | Castle Drive | Edgard | LA | 70049 |
| 55 | Other Structures | Water Intake Pump | 2899 | Hwy 18 | Edgard | LA | 70049 |
| 56 | Other Structures | Elevated Water Tank | 1601 | La Purchase | Wallace | LA | 70049 |
| 57 | Other Structures | Elevated Water Tank | 1197 | Hwy 18 | Wallace | LA | 70049 |
| 58 | Other Structures | Elevated Water Tank | 392 | Rosenwald Street | Reserve | IA | 70084 |
| 59 | Other Structures | Elevated Water Tank | 3254 | Jefferson Highway | Reserve | LA | 70084 |
| 60 | Other Structures | Elevated Water Tank | 512 | E Airline Hwy | LaPlace | LA | 70068 |
| 61 | Other Structures | Elevated Water Tank | 3164 | Hwy 44 | Garyville | LA | 70051 |
| 62 | Other Structures | Elevated Water Tank | 2100 R | La Purchase | Wallace | LA | 70049 |
| 63 | Other Structures | Elevated Water Tank | 5243 | Hwy 18 | Wallace | LA | 70049 |
| 64 | Building | Animal Shelter | 488 | W. 2nd Street | LaPlace | LA | 70068 |
| 65 | Other Structures | Elevated Water Tank | 857 | Belle Terre Blvd. | LaPlace | LA | 70068 |
| 66 | Building | Civic/Community Center | 2900 | Hwy 51 | LaPlace | LA | 70068 |
| 67 | Building | Lapeyrolerie-Montz- Senior Center | 214 | Regala Park Rd. | Reserve | LA | 70084 |
| 68 | Other Structures | Pumping Station | 484 | Airport Road | Reserve | LA | 70084 |
| 69 | Building | Library | 493 | Historic Main | Garyville | LA | 70051 |
| 70 | Building | 12x50 Stationary Office Trailer | 102 | E Airline Hwy. | LaPlace | LA | 70068 |
| 71 | Building | Regala Gymnasium | 194 | Regala Park Rd. | Reserve | LA | 70084 |

| 72 | Building | Senior Citizen Center | 3463 | Highway 18 | Edgard | LA | 70049 |
| 73-1 | Building | Administration Building | 1811 | Airline Hwy | LaPlace | LA | 70068 |
| 73-2 | Eqpt | Generator | 1811 | Airline Hwy | LaPlace | LA | 70068 |
| 74 | Building | Water Treatment Plant | 1195 | Hwy 643 | Vacherie | LA | 70090 |
| 75 | Building | Wastewater Plant | 241 | Za Rd | LaPlace | LA | 70068 |
| 76 | Building | Safe Room | 1801-A | W. Airline Hwy. | LaPlace | LA | 70068 |

18.    At all times relevant herein, Defendants jointly and/or collectively provided a policy of commercial, dwelling, and contents insurance, bearing Policy/Account ID Number 822896 (the "Policy"), to Plaintiff which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge to be made under the Policy at issue.

19.    The Policy is jointly and/or collectively held by all of the Defendants herein, and each defendant (and its respective certificate/policy identifier) is set forth in the Policy as follows: CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (AMR-73837); INDIAN HARBOR INSURANCE COMPANY (AMP 7539972-00); QBE SPECIALTY INSURANCE COMPANY (MSP-31855); STEADFAST INSURANCE COMPANY (CPP 1140746-00); GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA (01T0 29659-15378-21-00); UNITED SPECIALTY INSURANCE COMPANY (USI-28629-00); LEXINGTON INSURANCE COMPANY (LEX-08056 383-00); HDI GLOBAL SPECIALTY, SE (HAN-26138-00); OLD REPUBLIC INSRUANCE COMPANY (ORAM PR010863-00); GEOVERA SPECIALTY INSURANCE COMPANY (GVS-12056-00); and TRANSVERSE SPECIALTY INSURANCE COMPANY (TSAMPR0001528-00)

20.    Plaintiff fully and timely paid the premiums and all other amounts owed to Defendants for the Policy and the coverage it afforded over the Property.

21.    The premiums which Plaintiff timely and fully paid to Defendants, for the Policy and the coverage it afforded over the Property, amounted to three hundred thirty-six thousand seven hundred forty dollars and no cents ($336,740.00), and Plaintiff paid an additional twenty-six thousand two hundred ninety-two dollars and sixty-four cents ($26,292.64) for fees and taxes.

22.    The premiums which Plaintiff timely and fully paid to Defendants, for the Policy and the coverage it afforded over the Property, were paid timely and fully per defendant as follows: $68,484 to CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, $14,589 to INDIAN HARBOR INSURANCE COMPANY; $62,376 to QBE SPECIALTY INSURANCE

COMPANY; $45,389 to STEADFAST INSURANCE COMPANY; $21,073 to GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; $17,832 to UNITED SPECIALTY INSURANCE COMPANY; $30,799 to LEXINGTON INSURANCE COMPANY; $14,589 to HDI GLOBAL SPECIALTY SE; $14,589 to OLD REPUBLIC UNION INSURANCE COMPANY; $14,589 to GEOVERA SPECIALTY INSURANCE COMPANY; and $32,421 to TRANSVERSE SPECIALTY INSURANCE COMPANY.

23.     On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with maximum sustained wind speeds of 150 mph".[1]

24.     Hurricane Ida was a Category 4 storm with unprecedented winds, and caused major damage to buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout this St. John the Baptist Parish. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb".[2]

25.     On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the Property or Properties (again, which herein means each of the buildings listed above), allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property and/or Properties ("the Loss" or "Property Damage"), including contents therein, all of which damage was covered under the Policy.

26.     The Property and contents therein were significantly damaged by and suffered a diminution in value as a result of Hurricane Ida. These significant Hurricane Ida damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

27.     On or about September 1, 2021, Plaintiff reported the Loss to Plaintiff's insurers, Defendants, and were assigned claim number 4186766 ("the Claim" or "Insurance Claim").

---

[1] https://www.weather.gov/lix/hurricaneida2021
[2] *Id.*

28.    Plaintiff also took immediate action and expended reasonable efforts, particularly under the circumstances of this natural disaster, to mitigate and/or minimize the various damages to the Property.

29.    After Plaintiff provided notification of the Loss, Defendants inspected the Property, and provided an estimate on the Claim. This estimate, however, grossly underreported the Property Damage.

30.    Defendants' inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

31.    Defendants were also provided multiple opportunities to further inspect the Property and/or Properties, Equipment, and contents, and Defendants were repeatedly allowed access to the Property so that Defendants could evaluate the extensive Hurricane Ida damage.

32.    Plaintiff has incurred significant expenses as a result of the mitigation work which was necessitated by the extensive Hurricane Ida damage to the Property. In addition, Plaintiffs' Property requires separate extensive repair due to Hurricane Ida.

33.    Plaintiff has repeatedly provided notice to Defendants about the expenses incurred by Plaintiff for Hurricane Ida emergency mitigation work and damages.

34.    Defendants have failed and/or refused to pay and/or reimburse for the mitigation costs incurred by Plaintiff.

35.    To date, Defendants have only provided Plaintiff, with the following unconditional tenders, January 12, 2022 ($650,000), May 23, 2022 ($1,012,741.56), August 15, 2022 ($1,629,951.03); and March 24, 2023 ($1,200,636.20), for a total of $4,493,328.70 in reimbursement for the Hurricane Ida property damage, mitigation costs, and other costs and damages sustained by Plaintiff.

36.    Defendants have also significantly underpaid Plaintiff for the amounts which will be required to repair the extensive (and covered) Hurricane Ida damage to the Property.

37.    Defendants' adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property Damage caused by Hurricane Ida.

38.    As a result of Defendants refusing and/or failing to adjust and/or pay the Claim fairly or timely, undersigned counsel was hired, and additional experts were retained to inspect the Property as well as document and estimate Property Damage and/or the Claim.

39. Despite receiving these multiple forms of satisfactory proof of loss, Defendants have yet to tender adequate insurance proceeds (which also includes refusing to reimburse Plaintiff for amounts reasonably paid by Plaintiff for mitigation).

40. Plaintiff attempted to recover the remaining amounts of the covered damages and/or insurance proceeds due from Defendants to no avail.

41. Defendants' failure to comply with the terms of their own Policy at issue herein caused and continues to cause significant delay to the repair of the Property as well as additional general and/or special damages to Plaintiff.

42. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendants purposely and/or negligently: a) failed to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresented the terms and conditions of the Policy at issue; c) conducted the investigation and claims handling in bad faith; d) manipulated and/or set pricing software to artificially suppress the cost of repairs below market value; e) failed to adequately pay for losses as required by the Policy, and/or f) failed to include adequate overhead and profit in their estimates of damages.

43. Plaintiff has incurred and will continue to incur additional expenses and/or delays in making repairs because Defendants failed to timely pay for losses due under the Policy and/or for the Claim at issue.

44. Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine and/or prove that Defendants wrongfully failed to adequately/timely pay on the Claim at issue.

45. Plaintiff has sustained and continue to sustain inconvenience and/or loss of use because Defendants failed to timely pay for losses due under the Policy and/or for the Claim at issue.

## CAUSE OF ACTION – Breach of Insurance Contract

46. All allegations contained in this Petition are hereby adopted and re-alleged.

47. Despite having adequate proof of loss, Defendants failed to timely tender adequate funds under the Policy.

48. At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendants, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

49. Upon information and belief, Defendants breached the Policy and/or insurance contract by purposely and/or negligently: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d) manipulating and/or setting pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to adequately pay insurance proceeds as required by the Policy, and/or f) failing to include adequate overhead and profit in their estimates of damages.

50. Plaintiff has suffered and continue to suffer general, special and/or consequential damages as a result of Defendants' breaches of the insurance contract.

## CAUSE OF ACTION – Bad Faith

51. All allegations contained in this Petition are hereby adopted and re-alleged.

52. The actions and/or inactions of Defendants in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause - as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendants liable for statutory bad faith penalties.

53. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

54. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

55. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to: a) adequately pay claims following satisfactory proof of loss within thirty (30) days, or b) make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

56. Defendants are in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiff provided further documentation of the Property Damage and/or the Claim.

Moreover, Defendants' failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

57.     Defendants are in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

58.     Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendants acted in bad faith by arbitrarily and capriciously: a) failing to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresenting the terms and conditions of the Policy at issue; c) conducting the investigation and claims handling in bad faith; d) manipulating and/or setting pricing software to artificially suppress the cost of repairs below market value; and/or e) failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statutes, f) failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim, and/or g) failing to include adequate overhead and profit in their estimates of damages.

59.     Upon information and belief, further evidence of Defendants' bad faith will be revealed through the discovery process.

60.     Plaintiff has suffered and continue to suffer general, special and/or consequential damages as a result of Defendants' bad faith.

## DAMAGES

61.     All allegations contained in this Petition are hereby adopted and re-alleged.

62.     Defendants are liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories: a) Breach of contract; b) Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendants knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendants' receipt of other proof of loss, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, loss of use, and the incurrence of professional and/or expert fees; c) Any

and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

63.     As a result of Defendants' breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages: a) Diminution of the value of the Property; b) Underpayment and/or delayed payment of covered damages/repair costs, c) Actual repair costs, temporary repair costs, as well as increased repair costs; d) Loss of use, e) Personal Property and/or contents damage; f) Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; g) Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action; h) Other general, special and/or consequential damages; and i) Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendants be duly cited and served, and that after due requirements and proceedings, there be judgment against Defendants in favor of Plaintiff in such sums as the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant, as follows:

1. Compensatory, general and/or contractual damages;

2. Consequential and/or special damages, including but not limited to those incurred as a result of Defendants' bad faith;

3. Penalties as a result of Defendants' bad faith;

4. Attorneys' fees as a result of Defendant's bad faith;

5. Prejudgment interest at the highest lawful rate allowed by law;

6. Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. All expenses and costs of this action; and

8. Such further relief as this Court deems necessary, just and proper.

*(Signature of Counsel and Service Information on the Following Pages)*

RESPECTFULLY SUBMITTED:

**IRPINO, AVIN & HAWKINS LAW FIRM**

ANTHONY D. IRPINO (#24727)
DUSTIN L. POCHÉ (#33451)
J. REED POOLE, JR. (#34034)
2216 Magazine Street
New Orleans, Louisiana 70130
Tel:    (504) 525-1500
Fax:    (504) 525-1501
Email: airpino@irpinolaw.com
          dpoche@irpinolaw.com
          rpoole@irpinolaw.com

**ALVENDIA KELLY & DEMAREST**
Roderick "Rico" Alvendia, LA Bar No. 25554
Jeanne Demarest, LA Bar No. 23032
J. Bart Kelly, III, LA Bar No. 24488
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Tel:    (504) 200-0000
Fax:    (504) 200-0001
Email: rico@akdlalaw.com
          jeanne@akdlalaw.com
          bart@akdlalaw.com

**SPEARS & SPEARS ATTORNEYS AT LAW**
Ike Spears, La. Bar No. 17811
909 Poydras Street, Suite 1825
New Orleans, Louisiana 70112
Tel:    (504) 593-9500
Fax:    (504) 523-7766
Email: ike@spearslaw.com

**SHERIFF, PLEASE SERVE THE FOLLOWING ELEVEN (11) COMPANIES:**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**INDIAN HARBOR INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**QBE SPECIALTY INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**STEADFAST INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
IS A TRUE AND CORRECT COPY OF THIS ORIGINAL
ON FILE AND OF RECORDS IN MY OFFICE
BY CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE

**GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**UNITED SPECIALTY INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**LEXINGTON INSURANCE COMPANYs**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**HDI GLOBAL SPECIALTY SE**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**OLD REPUBLIC UNION INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**GEOVERA SPECIALTY INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

**TRANSVERSE SPECIALTY INSURANCE COMPANY**
*Through its Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

ORIGINAL

IN RE: HURRICANE IDA CLAIMS      :      STATE OF LOUISIANA

                                 :      PARISH OF ST. JOHN

                                 :      40TH JUDICIAL DISTRICT COURT



DEPUTY CLERK

St. John the Baptist Parish
Clerk of Court
Eliana DeFrancesch
Filed:Edgard date: 10/21/21 Time2:46PM

### CASE MANAGEMENT ORDER
### REGARDING CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA

On August 29, 2021, Hurricane Ida came ashore near Port Fourchon, Louisiana and left destruction throughout St. John Parish as a major Hurricane.[1] Major Hurricane-force winds measured in excess of 100 mph and rain of 17 inches inflicted catastrophic damage in this Court's jurisdiction.[2] The causes of action arising therefrom may sometimes be referred to as "the Hurricane Cases."[3]

In the aftermath of these catastrophic natural disasters, this Court recognizes a high number of insurance coverage-related litigation linked to the Hurricane. In Act 318 of the 2021 Regular Session the Legislature of Louisiana amended the laws expanding judicial authority related to special masters and mandatory mediation in cases stemming from certain major disasters ("Act 318").[4]

Act 318 authorizes this court to issue this CMO, this Court finds it warranted to best accommodate the adjudication of Hurricane cases in this Court.[5] Accordingly, this Court's aim continues to be the just and expedient resolution of these related matters, in spite of the increased strain on the Court's resources, and with the primary goal of enabling the St. John Parish community to move forward with crucial recovery efforts, in the aftermath of the Hurricane and the ongoing Coronavirus pandemic.

---

[1] https://www.theadvocate.com/baton_rouge/news/article_0cc1dc86-0a90-11ec-827e-6342102b8d5d.html
[2] https://www.nbcnews.com/news/us-news/live-blog/hurricane-ida-live-updates-8-30-n1277089/ncrd1278026#liveBlogHeader ; https://www.weather.gov/lix/hurricaneida2021 ; and https://www.wwltv.com/article/news/local/laplace-louisiana-hurricane-damage-recovery/289-eac47daf-e394-4b14-9e2e-d34ab28c6b8a
[3] All causes of action concerning damage related to Hurricane Ida is subject to this Order, including causes of action where the third-party demand or cross claim is a claim against an insurer by an insured due to damage from the Hurricane
[4] Hurricane Ida qualifies pursuant to R.S. 13:4165(F)(1). A major disaster declaration was made by the President for St. John Parish in Hurricane Ida under FEMA Release No. HQ-21-181. St. John Parish qualified for individual assistance for the Hurricane (FEMA designation DR-4611-LA).
[5] Hurricane Ida ties Hurricane Laura for the strongest hurricane to hit Louisiana and the fifth strongest Hurricane to hit the United States. Act 318 was enacted in the aftermath of Hurricane Laura and this CMO is modeled extensively on the CMO successfully adopted by the 14th Judicial District Court following Hurricane Laura

IT IS HEREBY ORDERED that this Case Management Order shall be immediately applicable to all Hurricane Cases currently pending or hereafter filed in this Court.

SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCLOSURES

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols adopted by the United States District Court for the Western District of Louisiana, applicable to all Hurricane Cases[6] and the nearly identical Disaster Protocols implemented by the U.S. District Court for the Southern District of Texas following Hurricane Harvey.[7] These Disaster Protocols call for prompt sharing of specific information to promote uniformity, to facilitate prompt evaluation of each case, to foster communication between the parties, and to facilitate an expedited mediation procedure.

Accordingly, this Court has adopted the Disaster Protocols attached hereto as Exhibit "A" in the Disaster Protocols Order and makes them applicable to all Hurricane cases filed in this Court. Additionally, IT IS HEREBY ORDERED that there shall be an automatic extension of time to Answer in every Hurricane case until the 30th day after service of the plaintiff's petition. No further extensions of time shall be granted except in exigent circumstances.

Additionally, IT IS HEREBY ORDERED that the disclosures and exchange of information required by the Disaster Protocols Order shall be due 45 days from the date that defendant files responsive pleadings. This deadline may sometimes hereinafter be referred to as the "Disclosure Deadline". Even if the parties agree to further extension of time to file responsive pleadings, the Disclosure Deadline shall be no more than 90 days from the service of the petition unless the extension of the Disclosure Deadline is expressly extended by the written consent of all parties or pursuant to an express Order of this Court to extend it.

IT IS FURTHER ORDERED that each party shall supplement their Initial Disclosures at least twenty-one days prior to any scheduled mediation pursuant to the CMO.[8]

IT IS FURTHER ORDERED that all other discovery is stayed until certification of the completion of the SSP. However, the Special Master may authorize limited formal discovery during the SSP in extraordinary circumstances.

---

[6] https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1_Att_A_Discovery_Protocols 062121.trd_0.pdf
[7] United States District Court for the Southern District of Texas, Disaster Litigation Initial Discovery Protocols, available at https://www.txs.uscourts.gov/sites/txs/files/Disaster%20FINAL%20Web%20version.pdf
[8] If the Special Master finds a production under the Disaster Disclosures too voluminous or disorganized to be useful for the SSP, he may require that the Disaster Disclosures be bates numbered and organized with a Table of Contents.

## SECTION 2. PRIVILEGE

Documents for which a privilege may properly be asserted include communications that reflect the mental impressions, conclusions, opinions, or theories of an attorney.[9] However, as recognized by federal courts concerning hurricane cases "Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced."[10]

Therefore, **IT IS FURTHER ORDERED** that any party withholding disclosure of any information or documents, where said disclosure is required pursuant to the Disaster Protocols, shall produce a privilege log to opposing counsel on or before the Disclosure Deadline. This privilege log shall detail all information or documents that it declined to produce on the basis of that the material is privileged. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Any dispute concerning privileged items shall be referred to the Special Master. If a motion to compel related to the privilege log is filed, or if any other privilege dispute is raised with the Special Master, the disputed items shall be provided to the Special Master *in camera* within ten days. The Special Master or his designated deputy shall provide all parties with a report and recommendation concerning the claimed privilege.

If neither party opposes the report and recommendation within seven days of its receipt then the Court may issue an Order confirming it. If either party opposes the report and recommendation within seven days of its receipt then the report shall be transmitted to the Court by the Special Master together with the *in camera documents*. The opposing party may file a memorandum concerning the report and recommendation within seven days of receiving the report, and any other party may file a response within five days of the filing of the opposition.

## SECTION 3. SPECIAL MASTER AND APPOINTED NEUTRALS

Considering the foregoing reasons supplied by the Court in the introduction *infra*, the

---

[9] La. C. C. P. art. 1424(A)

[10] United States District Court for the Western District of Louisiana, *In Re Hurricane Laura and Delta Cases; Case Management Order No. 1*, p. 3, *available at* https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1.012221.tzd.pdf

United States District Court for the Eastern District of New York, *In Re Hurricane Sandy Cases: Case Management Order No. 1*, p. 10, *available at* https://img.nyed.uscourts.gov/files/general-orders/14mc1Temo01.pdf

3

ORIGINAL

| | | |
|---|---|---|
| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
| | : | PARISH OF ST. JOHN |
| | : | 40TH JUDICIAL DISTRICT COURT |
| | : | |

St. John the Baptist Parish
Clerk of Court
Eliana DeFrancesch
Filed:Edgard date: 10/21/21 Time2:46PM

_____
DEPUTY CLERK

## STANDING ORDER REGARDING INITIAL DISCOVERY PROTOCOLS IN CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANES IDA

This Court hereby **ORDERS** the that the following protocols for initial discovery disclosure ("Disaster Protocols") shall be observed in all cases involving first-party insurance property damage claims arising from Hurricane Ida ("Hurricane Cases"):

Within 45 days after the defendant's submission of a responsive pleading or motion, the parties must exchange any documents or information categorized under the Disaster Protocols, for any such time periods identified in the Disaster Protocols. All parties shall remain under an ongoing duty to supplement these responses. No extension or delay in the time to file responsive pleadings shall extend the Disclosure Deadline to more than 90 days from the service of the petition unless the extension is by the consent of all parties or pursuant to an express Order of this Court extending the Disclosure Deadline. A supplemental response is due 21 days prior to mediation.

A party may object to disclosure of these initial discovery materials *only* if the material falls within one of the categories specifically enumerated in the Disaster Protocols – including, but not limited to, attorney-client privileged material, or work-product protection, including any joint defense agreement. Should any party raise such an objection, the non-disclosing party shall provide a log of all material being withheld from disclosure, which shall include the specific grounds upon which the disclosure is being withheld.

If any party believes that there is good cause why a particular case should be exempted from the Disaster Protocols, in whole or in part, that party must file their objection with the court prior to

1

the expiration of the 45-day period set forth herein.

SO ORDERED on this __20__ day of ___October___, 2021, at ___Edgard___,

Louisiana.

_____
Hon. VERCELL FIFFIE
District Judge. Division A

_____
Hon. NGHANA LEWIS
District Judge, Division B

_____
Hon. J. STERLING SNOWDY
District Judge, Division C

2

f.  Any other Event-related lawsuits filed for the Property or the Insured.

g.  Identify the adjuster(s) who handled the claim.

h.  Identify the individual(s) who evaluated, recommended, made, approved, or rejected the claim decision.

i.  Identify the field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to Insurer's evaluation process for the claims, or upon who the Insurer relied upon or received information from concerning Insurer's evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any report(s), evaluation(s), or inspection(s) on behalf of Insurer involving the Insured's claim.

j.  If preexisting damage is at issue in the litigation, a general description of any prior claims in the past ten years for the Property.

(4) Complete and unaltered copies of the following documents to be produced by the Insurer:

a.  The entire claim file maintained by the Insurer.

b.  The complete Policy in effect at the time of the Event.

c.  Assessments of the Claimed Loss, including: loss reports, expert reports that contain any description or analysis of the scope of loss or any defenses under the Policy, damage assessments, adjuster's reports, engineering reports, contractor's reports, and estimates of repair or replacement. This shall include all reports or analyses, including all drafts, prepared as part of the evaluation or claims process involving Insured's claim by Insurer, or documents or records reviewed in any way in connection with Insurer's handling of the claim.

d.  Photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Claimed Loss.

e.  Any other evaluations of the Claimed Loss.

f.  Documents containing recordings, transcripts, or notes of statements, conversations, or communications by or between the Insurer and the Insured relating to the Event.

g.  Any claim log, journal, diary, or record maintained by the Insurer relating to the Claimed Loss. This includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs, notes, or other documents evidencing when Insurer came into

9

possession of any such records, regarding any aspect of the Insured's claim or that are in any way relating to the Insurer's investigation into the Claimed Loss, Insurer's processing of Insured's claim (including adjustment, evaluation, and handling), or Insurer's claim decision.

h. The complete underwriting file maintained by the Insurer relating to the Property, its condition, or coverage.

i. Proofs of loss for the Claimed Loss.

j. If there has been an appraisal under the Policy, all documents relating to the appraisal process.

k. Any manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, Hurricane Ida claims generally, or to similar types of claims generally such that they would therefore be applicable to the Hurricane Cases including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry guidelines, standard practices, or recommended practices for adjusting first party claims.

l. **For non-NFIP Claims,** written communications exchanged between the Insured and Insurer that refer or relate to Insured's Claimed Loss, Property, or damages, or otherwise relating to the Insured's claim.

m. Any other document(s) on which the Insurer relies to support its defenses.

| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
|---|---|---|
| | : | PARISH OF ST. JOHN |
| | : | 40TH JUDICIAL DISTRICT COURT |

_____
DEPUTY CLERK
_____

## INTERIM PROTECTIVE ORDER

The Initial Discovery Protocols are designed to achieve more efficient and targeted discovery. Prompt entry of a protective order will allow the parties to begin exchanging documents and information without delay. The Interim Protective Order will remain in place until the parties agree to, or the court orders, a different protective order, but absent agreement or court order, the Interim Protective Order will not apply to subsequent discovery. The parties may agree to use the Interim Protective Order throughout litigation.

**IT IS HEREBY ORDERED** that the following restrictions and procedures apply to certain information, documents, and excerpts from documents and information the parties exchange in response to the Disaster Protocols:

1. Any party may designate as "Confidential" any document, or information contained in or revealed in a document, provided in response to these Protocols or, if applicable, in subsequent discovery, if the party determines, in good faith, that the designation is necessary to protect the party. Information and documents a party designates as confidential will be stamped "CONFIDENTIAL." Confidential information or documents are referred to collectively as "Confidential Information."

2. Unless the court orders otherwise, the Confidential Information disclosed will be held and may be used by any person receiving the information solely in this litigation.

3. If a party challenges another party's Confidential Information designation, counsel must make a good-faith effort to resolve the dispute. If that is unsuccessful, the challenging party may seek resolution by the court. Nothing in this Interim Protective Order is an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and court rules.

4. Information or documents designated as "Confidential" must not be disclosed to any

11

person. except:

    a.  the requesting party and counsel, including in-house or agency counsel;

    b.  employees of counsel assigned to and necessary to assist in the litigation;

    c.  consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel;

    d.  any person from whom testimony is taken or is to be taken in this litigation, but that person may be shown the Confidential Information only in preparation for, and during. the testimony and may not retain the Confidential Information; and

    e.  The judge. the court staff, including the clerk, case manager, court reporter, or other person with access to Confidential Information by virtue of his or her position with the court. or the jury.

    f.  The Special Master, his designated deputy, and any mediator involved in resolving the case. who shall all be subject to these confidentiality provisions.

5.  Before disclosing or displaying Confidential Information to any person, a party must:

    a.  inform the person of the confidential nature of the information and documents; and

    b.  inform the person that the court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.  The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that before any such display or discussion. each person must be asked to sign an agreement to be bound by this Order in the form attached as Exhibit 1. If the person refuses to sign an agreement in the form attached. the party seeking to disclose the Confidential Information may seek relief from the court.

7.  The disclosure of a document or information without designating it as "Confidential Information" does not waive the right to designate the document or information as Confidential Information if the document or information is designated under this Order.

8.  Documents or information filed with the court that is subject to confidential treatment under this Order. and any pleadings. motions, or other papers filed with the court disclosing any Confidential Information, must be filed under seal to the extent permitted by the law, rules. or court orders, and must be kept under seal until the court orders otherwise. To the extent the court requires any further act by the parties as a precondition to filing the documents or information under seal, the party filing the document or information is responsible for satisfying the requirements. If possible, only the confidential parts of documents of information filed with the court will be filed under seal.

9. At the conclusion of this litigation, the Confidential Information and any copies must be promptly (and in no event later than 60 days after entry of final judgment no longer subject to appeal) returned to the producing party or certified as destroyed, except that the parties' counsel may retain their working files on the condition that those files will remain confidential. Materials filed in the court will remain in the file unless the court orders their return.

10. Producing documents or information, including Confidential Information, in this litigation does not waive attorney-client privilege or work-product protection for the documents or information, under Louisiana Code of Evidence Article 502.

This Order shall not diminish the right of any party to apply to the court for a different or additional Protective Order relating to Confidential Information, to object to the production of documents or information, to apply to the court for an order compelling production of documents or information, or to modify this Order. Any party may seek enforcement of this Order, and any violation of this Order may be sanctioned by the Court.

SO ORDERED on this _____ day of _____, 2021, at _____, Louisiana.


_____              _____
Hon. VERCELL FIFFIE                       Hon. NGHANA LEWIS
District Judge, Division A                 District Judge, Division B



_____
Hon. J. STERLING SNOWDY
District Judge, Division C

13

## EXHIBIT 1

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any of the documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in the documents to any other person. I further agree not to use this information for any purpose other than this litigation.


_____    **DATE:** _____

Signed in the presence of:



_____

(Attorney)

14

| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
|---|---|---|
| | : | PARISH OF ST. JOHN |
| | : | 40TH JUDICIAL DISTRICT COURT |

## EXHIBIT "B"

### STIPULATION FOR MEDIATION

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1.  The parties agreed to submit their dispute to mediation pursuant to the SSP, as specified in the Case Management Order (and any relevant supplements).

2.  No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and except as provided by Order of the Court it shall not be revealed by the neutral unless and until the party who provided the information agrees to its disclosure.

3.  The mediation process, for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence, shall be considered a settlement negotiation. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. However, any evidence which would otherwise subject to discovery or admissible shall not be excluded from discovery or admission in evidence solely because it has been referenced or discussed during this mediation process.

4.  The appointed neutral and their agents shall enjoy the same immunity as judges and court employees, whether under federal or state law, for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

5.  The parties shall not:

    (i)  Call or subpoena the appointed neutral as a witness or expert in any proceeding

1

relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation;

(ii) Subpoena any notes, documents or other material prepared by the appointed neutral in the course of or in connection with the mediation; and

(iii) Offer into evidence any statements, views or opinions of the appointed neutral.

6. The appointed neutral's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the appointed neutral represents that he or she has taken requisite oaths.

7. Any party to this Stipulation is required to attend at least one session and as may be directed by the Special Master as many other sessions thereafter as may be helpful in resolving this dispute.

8. An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.

---

PLAINTIFF                                   COUNSEL FOR PLAINTIFF

Date _____                           Date: _____

---

DEFENDANT                                   COUNSEL FOR DEFENDANT

Date _____                           Date: _____

CONSENTED TO BY:

---

NEUTRAL APPOINTED BY THE COURT

Date _____

2

N-CERTIFIED COPY

| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
|---|---|---|
| | : | PARISH OF ST. JOHN |
| | : | 40TH JUDICIAL DISTRICT COURT |

EXHIBIT "C"

FORM FOR ISC DEMAND BY INSURED

| Category | Policy Limits | Damage | Prior Payments | ISC DEMAND |
|---|---|---|---|---|
| A. Property | _____ | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ | _____ |
| Claim for Penalties on Late Prior Payments | | | | _____ |
| Claim for Penalties on ISC Demand | | | | _____ |
| Claim for Attorney's Fees | | | | _____ |
| Claim for Other Damages (describe below): | | | | _____ |
| _____ | | | | |
| TOTAL | | | | _____ |

This demand is for the purposes of mediation only and is covered by mediation confidentiality. It may not be used for any other purpose. It is rescinded if the case does not settle as part of the SSP. The plaintiff reserves the right to modify the demand based on additional information. The plaintiff reserves the right to claim expert costs, judicial interest, and mental anguish / economic damages and related penalties pursuant to R.S. 22:1973 at any trial of this matter even if they are not listed above.

3

IN RE: HURRICANE IDA CLAIMS    :       STATE OF LOUISIANA

                                 :       PARISH OF ST. JOHN

                                 :       40TH JUDICIAL DISTRICT COURT

## EXHIBIT "D"

### FORM FOR ISC DETAIL OF PAYMENTS BY INSURER

| Category | Policy Limits | Prior Payments |
|---|---|---|
| A. Property | _____ | _____ |
| B. Other Structures | _____ | _____ |
| C. Personal Property | _____ | _____ |
| D. ALE | _____ | _____ |
| OTHER | _____ | _____ |
| TOTAL | _____ | _____ |

4

Court finds that exceptional circumstances exist which war int the appointment of a Special Master to assist with the efficient and fair administration of all Hurricane Cases. Pursuant to the Court's inherent judicial power and its authority under La. R.S. 13:4165, *et seq*, it is ordered that THE COURT HEREBY APPOINTS CADE R. COLE, ESQ. as the Special Master for Hurricane Cases in the 40th Judicial District Court.

The Court takes specific notice of his role as Special Master under the CMO for Hurricane cases in other district courts. The Court anticipates that this appointment and continued coordination with any federal Special Master will encourage consistent resolutions of Hurricane Cases. As part of their appointment, the Court mandates that the Special Master shall proceed with all reasonable diligence and shall exercise their respective rights and responsibilities to direct the Streamlined Settlement Process as provided in this Order.

IT IS FURTHER ORDERED that the Neutrals, referenced in Section 4(II)(B), *supra*, are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

I. *The Special Master*

The Special Master shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in discovery, and attend settlement conferences. The Special Master may enter any other order to effectuate the provisions of the SSP, subject to the review and control of the Court.

II. *Compensation of Appointed Neutrals*

The Special Master, his designated deputies, and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

A. $400 per hour for the Special Master or Appointed Neutrals;

B. $280 per case for the Special Master for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals; and

C. all actual expenses of the Appointed Neutrals, including but not limited to travel, meeting rooms, telephone, and electronic audio or video conference means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Master, all of the above fees and expenses shall be paid twenty-five percent (25%) by the plaintiff(s) and seventy-five (75%) by the defense(s).[11]

IT IS FURTHER ORDERED that $70 of the administrative fee provided for in Section II(B) shall be added to the cost of filing the petition, collected by the clerk

---

[11] In instances where an insurer of an insured has filed suit against the insured concerning a Hurricane case the insured shall be considered the plaintiff for the purposes of the cost split under this order and the insurer shall be considered the defendant. It is generally customary in the event of settlement that a condition of settlement be that the insurer pays court costs and costs of the SSP/mediation.

of court, and remitted monthly to the Special Master; and that $210 of the administrative fee provided for in Section II(B) shall be added to the cost of the first notice or filing by the defendant, collected by the clerk of court, and remitted monthly to the Special Master.

III.   *Role of Appointed Neutrals*

A.   The Special Master and Appointed Neutrals may communicate *ex parte* with the Court when deemed appropriate by the Special Master, at his discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

B.   The Special Master and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

C.   The Special Master and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

D.   The Special Master may designate any of the Appointed Neutrals to act as his deputy from time to time and to perform any duties of the Special Master.

E.   If an Appointed Neutral reports that a case did not settle due to a party's failure to comply with its obligations under the Disaster Protocols, including the obligation to supplement the Disaster Disclosures at least twenty-one (21) days prior to the mediation, the Special Master may order another mediation and may assess the full cost of the first mediation against the party in violation.

IV.   *Notice to the Special Master.*

Any party to a Hurricane Case may file a motion with the assigned District Judge requesting an opt out from the SSP only for good cause shown within the applicable deadline (*see* Section 4 below). **IT IS FURTHER ORDERED** that any party filing an opt out motion shall copy the Special Master, and that the parties shall provide notice of the Court's Order on the motion to opt out to the Special Master whether the motion to opt out is granted or denied.

**IT IS FURTHER ORDERED** that counsel for any party to a Hurricane Case that has been provided a copy of this Order shall be required to provide email notice to the Special Master of the initial pleadings and all subsequent filings in any Hurricane Case (knowledge of this provision is presumed where a counsel for the party has been provided a copy of this Order for a case for that party or any other party). The Special Master shall send an Initial Informational Package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

## SECTION 4. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 15 days of the filing of the defendant's responsive pleading (or within 15 days of the receipt of a copy of this Order by the defendant or its counsel, including by electronic or other means -- whichever is later), either party may file a motion to opt out of this Streamlined Settlement Process for good cause shown. This motion may be decided on the briefs without hearing. Unless the Court authorizes an opt out, then the parties shall participate in the two-staged Streamlined Settlement Process, which is described as follows:

I.   *First Stage: Settlement Conference*

Within 45 days of the Disclosure Deadline in all Hurricane Cases, all parties shall conduct an informal settlement conference ("ISC") among all parties and their counsel. Within 15 days of the Disclosure Deadline counsel shall meet to confer and discuss a mutually convenient time, date, and manner for the conference. In light of

5

the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences should be conducted, where possible, by phone or audiovisual communication, including but not limited to Zoom, Skype, or similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for the ISC require assistance.

The ISC shall include a particularized demand from the plaintiff that is itemized by each claimed policy coverage category then known to be remaining in dispute and or any existing demand for extra-contractual damages that are then claimed to be incurred. The demand shall be submitted by email to the opposing counsel on the form attached as Exhibit "C" at least 72 hours prior to the scheduled ISC.

The attorney for the insurer will conduct a call prior to the ISC with the relevant client representative to ensure the client representative has reviewed the ISC demand. The client representative will inform their counsel concerning additional information requested to evaluate the claim, and their counsel shall convey that to opposing counsel at the ISC or in writing. The insurer shall submit by email to the opposing counsel an itemization of the prior payments awarded by coverage category on the form attached as Exhibit "D" at least 72 hours prior to the scheduled ISC.

The defendant shall respond at the ISC to briefly detail why it does not agree with the demand by category. The plaintiff may request that this response be reduced to writing, and if requested it shall be answered within 15 days of the ISC.

All ISC communications shall be covered by mediation confidentiality. The Special Master may order any particular modifications in this protocol for specific cases, parties, or attorneys.

II.    *Second Stage: Mediation*

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall provide the Special Master written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. The Special Master may assign a neutral within 60 days of the Disclosure Deadline even if neither party submits the written notice. The Special Master shall then assign each Hurricane Case to an Assigned Neutral, and it is the goal that Assigned Neutrals complete mediation within 90 days of appointment. The Special Master (or Appointed Neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties. In the event a counsel provides an insufficient number of available dates the Special Master may authorize an extension of the SSP period for that case or may require mediation on a date selected by the Special Master, including on a weekend day.

A.    Conduct of Mediation

After scheduling of an agreed mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the confidential mediation statements and the permissible number of exhibits attached thereto.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's Appointed Neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Master the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone, if circumstances for that particular mediation require assistance.

To the extent agreed by the parties and the case's Appointed Neutral, this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

As part of this Streamlined Settlement Process, the attendees may be invited to each make opening statements but there shall be no live witness testimony.

B. List of Neutrals

The Court hereby initially designates and appoints the following individuals as "neutrals" (mediators) for the SSP:

Any person designated by the Special Master after consultation with the Court who is qualified pursuant to R.S. 13:4165(F)(5).

C. Neutral Training

The Special Master may undertake to provide special training to the neutrals, including coordinating participation in training prepared for the Streamlined Settlement Process. The Special Master may form a plaintiffs' liaison committee and a defense liaison committee or may coordinate with any related Federal Court liaison committees for Hurricane Cases. If formed, the Special Master may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Master may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Master may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

III.   Extensions of Time

Upon a joint request by the parties, or for other good cause shown, the Special Master may extend any deadline specified in this Order.

SECTION 5. COURT APPOINTED UMPIRES REQUIRED UNDER

POLICIES

If an insurance policy implicated in a Hurricane Case provides for court appointment of a neutral or third appraiser for valuation disputes (hereinafter referred to as an "Umpire"), any request for the appointment by this Court of an Umpire shall only occur if the parties have been unable to agree on their own.

Any request for the appointment by the Court of an Umpire shall be made in writing no later than the deadline for filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Special Master via email at Hurricanedda@coilelaw.us . This deadline may be extended by the Special Master in exceptional circumstances for good cause.

If a requesting party is seeking court appointment of an Umpire and no case is otherwise filed or pending before this Court (an "Umpire Only Filing"), then the parties shall

follow the same procedures.

An Insurer is required to provide written notice of the request to any known counsel for the Insured (or directly to an unrepresented Insured). An Insured is required to provide written notice of the request to any known counsel of Insurer (if any) or alternatively to the Insurer's primary point of contact on the claim with Insured. The appraisers previously selected by each party shall also be provided notice, and their contact information (phone and email address) shall be provided in the request for appointment of an Umpire.

A written report and recommendation concerning the Umpire's appointment shall be issued to the parties and shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the assigned District Judge for good cause following a motion opposing the report and recommendation filed within seven days of transmittal of the written report and recommendation. Alternatively, the Special Master may issue the report and recommendation to the Court, and the Court may directly issue an Order concerning the appointment.

In an Umpire Only Filing, the Special Master may provide the report and recommendation to the civil Duty Judge as of the time of the issuance of the report and recommendations. Alternatively, the Special Master may issue the report and recommendation to the parties in the same manner described in the paragraph above. If any party objects to the report and recommendation in an Umpire Only Filing then it shall file a formal petition concerning the underlying dispute within seven days and the case shall be assigned to a judge in the usual manner for a decision concerning the report.

IT IS ORDERED that the appraisers appointed by the parties are required to complete their work and submit any disputes to the Umpire no later than 60 days following the first Initial Disclosure Deadline under this Order (105 days following the filing of the defendant's responsive pleadings). The appointed Umpire shall issue his report no later than 21 days from the submission of the dispute to the Umpire. This period may be extended by the Special Master upon a showing of good cause.

SECTION 7.      CLERK OF COURT AND NOTICE

A Plaintiff filing a Hurricane Case should note on its cover letter, in *ALL CAPS* and *RED FONT*, that the matter is a "HURRICANE CASE". **Each caption and on each pleading, "HURRICANE CASE" in bold print shall follow the docket number.** If the Special Master learns the Order has not been entered by the Clerk of Court, he shall serve it on the parties by

NON-CERTIFIED COPY

email and may file proof of the same into the record at no cost.

In all subsequently filed Hurricane Cases, a copy of this order shall be served on the defendant(s) along with the Petition and Citation. The Clerk of Court shall include a reference that the Case Management Order is served with the Petition in the Citation issued. The Clerk of Court shall also provide a copy to the plaintiff by any authorized means.

The Clerk of Court shall transmit via email, at least weekly, to the Special Master the docket numbers, case caption, and attorney contact information for any Hurricane Cases filed.

Any party making any filing or submitting any memoranda in a Hurricane Case subject to this Order shall serve a courtesy copy on the Special Master in the same manner as enrolled counsel via email at Hurricanelda@colelaw.us .

SECTION 7.     COURT SUPERVISION

The Disaster Protocols and Streamlined Settlement Process shall, at all times, be subject to the ultimate control and supervision of the Court. This Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court. All provisions of this Order shall be applicable to all cases whether then pending or thereafter filed.

SO ORDERED on this __20__ day of __October__, 2021, at __Edgard__, Louisiana.

Hon. VERCELL FIFFIE
District Judge, Division A

Hon. NGHANA LEWIS
District Judge, Division B

Hon. J. STERLING SNOWDY
District Judge, Division C

9